UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SOLOMON,

        Plaintiff,

                                      Case No. 25-13833
                                      U.S. DISTRICT COURT JUDGE
                                      GERSHWIN A. DRAIN

v.

KEITH CLARK, *et al.*,

        Defendants.

_____/

**ORDER GRANTING PLAINTIFF MARTIN ANTONIO SOLOMON'S APPLICATION TO PROCEED IN FORMA PAUPERIS [#8] AND DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Plaintiff Martin Antonio Solomon, currently confined at the Charles Egeler Reception and Guidance Center, has filed a *pro se* complaint in this Court. Plaintiff names over a dozen defendants in his complaint, including prison officials and medical professionals. Plaintiff has also filed an application to proceed without prepaying fees and costs in this action. For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, and Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief

can be granted.

The Prisoner Litigation Reform Act of 1995 ("PLRA") provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also in re Prison Litig. Reform Act*, 105 F.3d 1131 (6th Cir. 1997). Even so, district courts may authorize a prisoner to proceed in forma pauperis if he "submits an affidavit that includes a statement of all assets such prisoner possesses [demonstrating] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Title 28 U.S.C. § 1915(e)(2) requires courts to dismiss in forma pauperis complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Moreover, under the three-strikes rule, an in forma pauperis complaint must be dismissed if the filer has had at least three prior in forma pauperis complaints dismissed as frivolous, as malicious, or for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915(g). The only exception to the three-strikes rule arises where the complaint alleges that he "is under imminent danger of serious physical injury." *Id.*

Plaintiff is a prolific litigator in federal court. He has filed at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See, e.g., Solomon v. Macomb Co. Corp.*, No. 2:12-CV-

14537 (E.D. Mich. Dec. 13, 2012); *Solomon v. Berghuis*, No. 2:12-CV-12049 (E.D. Mich. July 30, 2012); *Solomon v. Wayne Co. Corp.*, No. 2:11-CV-12330 (E.D. Mich. June 10, 2011). Additionally, Plaintiff has previously been denied leave to proceed in forma pauperis in other federal lawsuits under the three strikes rule. *See, e.g.*, *Solomon v. Correct Care Sols.*, No. 19-12062, (E.D. Mich. July 30, 2019); *Solomon v. Olivette Products, LLC*, No. 2:13-CV-13666 (E.D. Mich. Oct. 17, 2013).

Consequently, Plaintiff is a "three-striker" who cannot proceed in forma pauperis unless his complaint alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). While his complaint is difficult to follow, Plaintiff appears to allege that he suffers from a life-threatening medical condition that substantially impairs his ability to perform the activities of daily life, and that he is not receiving adequate medical care. Liberally construed, these allegations describe an ongoing and serious medical need that, if left untreated, poses a real and immediate risk of significant physical harm. Against this backdrop, the Court concludes that Plaintiff has plausibly alleged that he "is under imminent danger of serious physical injury," satisfying the exception to the three-strikes rule. Therefore, Plaintiff's application to proceed in forma pauperis is granted.

However, upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that it fails to state a claim on which relief can be granted. To properly state a claim on which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While this notice pleading standard does not require "detailed" factual allegations," *id.*, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnotes omitted).

Here, Plaintiff's complaint is largely indecipherable. Despite its references to serious medical issues affecting Plaintiff's daily life, the complaint, even liberally construed, does not clearly articulate the claims being brought or the factual allegations supporting those claims. In this way, Plaintiff's complaint fails to give Defendants adequate notice of Plaintiff's claims against them. As such, Plaintiff's complaint does not satisfy Rule 8's notice pleading requirements, and it therefore fails to state a claim on which relief can be granted.

For these reasons, Plaintiff's complaint is DISMISSED. The Court

4

additionally concludes that an appeal from this decision cannot be taken in good faith, and thus a certificate of appealability will not issue. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated: January 23, 2026

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 23, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager